Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and puree cups or chowder cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51062.**—Protests 117455–K, etc., of Johnson Bros. et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and puree cups or chowder cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51063.**—Protest 122486–K of Swift & Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protest was sustained to this extent.

**No. 51064.**—Protests 93097–K, etc., of Acierno Bros., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substances on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146; and (2) 1 percent for the cheese similar in all material respects to the Reggiano cheese the subject of *Mattia Locatelli* v. *United States* (T. D. 49389). The protests were sustained to this extent.

**No. 51065.**—Protest 954850–G/87904 of Butler Bros. (Chicago).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of bonbon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). In accordance therewith the

merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 51066.**—Protest 967976–G of Strauss-Eckardt Co. (Seattle).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of bonbon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 51067.**—Protests 116689–K, etc., of Abbott Drug Co. et al. (Los Angeles, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, MAY 1, 1946

**No. 51068.**—Protests 25005–K, etc., of Stephen Rug Mills (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protests were sustained as claimed.

BEFORE THE THIRD DIVISION, MAY 1, 1946

**No. 51069.**—Protests 27423–K, etc., of H. P. Lambert Co., Inc., et al. (Boston, etc.).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51070.**—Protests 40077–K, etc., of Meakin & Ridgway, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and chowder cups or puree cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United*